UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIAM M. ALLEN, JR.,

                                        Plaintiff,

                        -v.-                                                5:09-CV-1388
                                                                            (GTS/GHL)
BONNIE P. HAND, TOWN OF VIRGIL,
AMANDA NICOLETTA, DIANE TRICKEY,
RAYMOND T. ROBERTS, HARRY J. CORBITT,

                                        Defendants.

_____

APPEARANCES:

WILLIAM M. ALLEN, JR.
Plaintiff *pro se*
2006 Cardner Road
New Woodstock, New York 13122

GEORGE H. LOWE,
UNITED STATES MAGISTRATE JUDGE

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court a *pro se* civil rights complaint, together with an application

to proceed *in forma pauperis*, submitted by Plaintiff William M. Allen, Jr.  (Dkt. Nos. 1-2.)

## I.       SUMMARY OF PLAINTIFF'S COMPLAINT

In his *pro se* complaint, Plaintiff alleges that he has "regularly question[ed]" actions by the

Town of Virgil.  (Compl. at 5.)  Intending to "discover financial improprieties," he went to the

Town of Virgil office at 11:00 a.m. on December 15, 2006, to view public records.  (Compl. ¶ 4 and

p. 5.)  As he was reviewing the records, Defendant Town Clerk Bonnie Hand committed a

"continuous and escalating verbal assault" on him that escalated into a "screaming tirade" when he

attempted to adjourn to a conference room to read in silence.  (Compl. ¶ 4.)  Defendant Hand then

"attempted to grab the documents" from Plaintiff and "continued to physically attack" him. *Id*. Plaintiff asked someone to call the police. After this, Plaintiff stepped outside to read the documents and Defendant Hand left him alone. Plaintiff agreed to remain on the premises to speak to the police when they arrived. *Id*.

Defendant New York State Police Troopers Amanda Nicoletta and Diane Trickey arrived and met Plaintiff in a conference room. Plaintiff alleges that "[b]oth of them had a nasty attitude as soon as they opened their mouths to speak." *Id*. Plaintiff "immediately took offense at their attitudes and informed them that his cooperation was over." *Id*. When Plaintiff attempted to leave, Defendants Nicoletta and Trickey blocked him. Defendants Nicoletta and Trickey continued to "harass" Plaintiff for ten more minutes and then "forced" him outside to sit in their police vehicle, where they continued to question him. *Id*. At approximately 12:30 p.m., Defendants Nicoletta and Trickey arrested Plaintiff for disorderly conduct. Defendants then handcuffed Plaintiff and transported him to the New York State Police office in Homer. *Id*.

At the office in Homer, Defendant New York State Police Investigator Raymond T. Roberts "took over harassing" Plaintiff when Plaintiff demanded the right to a phone call. *Id*. When Defendant Roberts left the room, Plaintiff used the phone to contact a friend. When Defendant Roberts discovered that Plaintiff had made a phone call, he "became very angry and even more abusive." *Id*.

At approximately 3:00 p.m., Plaintiff was taken to Homer Town Court. There, he was informed that he was being charged with felony attempted robbery instead of the disorderly conduct charge. *Id*. Plaintiff asked that the arraignment be adjourned until he was assigned an attorney. The town justice adjourned the proceedings without arraignment until such time as an attorney

2

could be assigned.  The judge set bail.  *Id.*

Plaintiff alleges that he "has in fact never been arraigned on any charge related to the events of December 15, 2006."  *Id*.

Plaintiff asserts the following claims: (1) a First Amendment free speech claim against Defendant Hand; (2) a Fourth Amendment claim against Defendants Nicoletta and Trickey; (3) a Fifth Amendment claim against Defendants Nicoletta and Trickey; (4) a Fifth Amendment claim against Defendant Roberts; (5) a Fourth Amendment claim against Defendant Roberts; (6) a Sixth Amendment claim against Defendants Nicoletta, Trickey, and Roberts; (7) a failure-to-train-and-supervise claim against Defendant New York State Police Superintendent Harry J. Corbitt; and (8) a *Monell* claim against Defendant Town of Virgil.

## II.    PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION

After reviewing Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

## III.    REVIEW OF PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, " . . . the court shall dismiss the case at any time if the court determines that  . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

Thus, the court has a responsibility to determine that a complaint may be properly maintained in this

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2]  *See id.*

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d

605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua*

*sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have

had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a

responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to

proceed with an action *in forma pauperis*.  *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir.

1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if

the complaint is frivolous).

     1.    <u>Plaintiff's First Amendment Claim</u>

Plaintiff claims that Defendant Hand violated his First Amendment right to free speech by

verbally abusing him and "trying to keep [P]laintiff from viewing the items he had requested."

(Compl. at 5.)

Plaintiffs "who allege a violation of their right to free speech must prove that official

conduct actually deprived them of that right."  *Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d

Cir. 2008).  In cases flowing from criticism of public officials by private citizens, the Second Circuit

has held that a plaintiff must plead facts plausibly suggesting that a defendant's conduct *actually*

had a chilling effect on his speech in order to state a claim.  *Gill v. Pidlypchak*, 389 F.3d 379,  381

(2d Cir. 2004) (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (affirming a

Rule 12(b)(6) dismissal on the grounds that the plaintiff had not alleged an actual chilling effect

---

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent
abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as
to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

and, in fact, had admitted that he had not changed his behavior at all as a result of the town's allegedly adverse actions).).  Here, Plaintiff has not alleged that he was actually chilled from continuing to question the activities of his local government.  Therefore, I recommend that this cause of action be dismissed with leave to amend.

      2.     <u>Plaintiff's Fourth Amendment Claims Against Defendants Nicoletta, Trickey, and Roberts</u>

Plaintiff claims that Defendants Nicoletta and Trickey violated his Fourth Amendment rights by refusing to allow Plaintiff to leave the conference room and arresting him.  (Compl. at 5.) Plaintiff claims that Defendant Roberts violated his Fourth Amendment rights by charging him with felony robbery without a warrant, continuing to hold him at the office in Homer, and transporting him to Homer Town Court.  (Compl. at 6.)

The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 are the same as those for a false arrest claim under New York law.  *Kraft v. City of New York*, ___ F. Supp. 2d ___, No. 07 Civ. 02978, 2010 U.S. Dist. LEXIS 25738, at*33, 2010 WL 1009548, at *12 (S.D.N.Y. Mar. 18, 2010).  "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged."  *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (punctuation and citation omitted).  Where an officer has probable cause to arrest a plaintiff, the confinement is privileged.  The burden of showing that there was probable cause for the arrest is on the officer.  *Id*. at 76.  Because the burden of showing probable cause is on Defendants, I find that Plaintiff's Fourth Amendment claims against Defendants Nicoletta, Trickey, and Roberts are sufficiently well pleaded

to survive *sua sponte* review.

3.     Plaintiff's Fifth Amendment Claims Against Defendants Nicoletta , Trickey and Roberts

Plaintiff alleges that Defendants Nicoletta and Trickey violated his Fifth Amendment rights by arresting him "simply because they were irate" and then, later, charging him with a more serious offense when he refused to answer their questions.  (Compl. at 6.)  He alleges that Defendant Roberts violated his Fifth Amendment rights by "submit[ting] a felony complaint of robbery when he had certain knowledge that no such crime took place" after Plaintiff "refused to discuss anything . . . until he talked to an attorney."  *Id*.  These actions, he alleges, were "nothing more than malicious prosecution."  (Compl. at 6.)  I construe the complaint as asserting a claim for malicious prosecution.

In order to maintain a § 1983 claim for malicious prosecution, a plaintiff must plead facts plausibly suggesting that (1) the defendant initiated a prosecution against the plaintiff; (2) the defendant lacked probable cause to believe the proceeding could succeed; (3) the defendant acted with malice; (4) the prosecution was terminated in the plaintiff's favor; and (5) there was a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Authority*, 215 F.3d 208, 215 (2d Cir. 2000).  Here, the face of Plaintiff's complaint shows that he "has in fact never been arraigned on any charge related to the events of Dec. 15, 2006.  (Compl. ¶ 4.)  Thus, he never faced any post-arraignment liberty restraint. I therefore recommend that Plaintiff's malicious prosecution claims be dismissed without leave to amend.

4.    Plaintiff's Sixth Amendment Claim

Plaintiff alleges that Defendants Nicoletta, Trickey, and Roberts violated his Sixth

Amendment rights by refusing his repeated requests to be allowed to contact an attorney.  (Compl.

at 7.)  I find that this claim is subject to *sua sponte* dismissal because under federal law the Sixth

Amendment right to counsel does not attach until formal criminal proceedings are initiated through

a formal charge, preliminary hearing, indictment, information, or arraignment.  *McNeil v.*

*Wisconsin*, 501 U.S. 171, 175 (1991).  Here, Plaintiff alleges that he was not formally charged until

*after* Defendants allegedly refused his requests to contact counsel.  He does not allege that

Defendants denied him the opportunity to speak to an attorney at any point after he was formally

charged.  Therefore, I recommend that this claim be dismissed with leave to amend.

5.    Plaintiff's Claim Against Defendant Corbitt

Plaintiff alleges that Defendant Corbitt is liable for the actions of Defendants Nicoletta,

Trickey, and Roberts because "it is obvious that adequate training and supervision is not taking

place within the Division of State Police."  (Compl. at 7.)

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).[3]  In order to

prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show

some tangible connection between the unlawful conduct and the defendant.[4]  If the defendant is a

---

[3]      *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434
U.S. 1087 (1978); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

[4]      *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

7

supervisory official, a mere "linkage" to the unlawful conduct through the " chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.[5]  In other words, supervisory officials may not be held liable merely because they held a position of authority.[6]  Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of individuals by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[7]

Plaintiff here appears to be attempting to allege that Defendant Corbitt is liable under the fourth *Colon* prong.  However, he has not pleaded any facts plausibly suggesting that Defendant Corbitt was grossly negligent in managing his subordinates.  Therefore, I recommend that the Court dismiss this claim with leave to amend.

6.    <u>Plaintiff's Claim Against the Town of Virgil</u>

Plaintiff alleges that the Town of Virgil is liable for the actions of Defendant Hand because

---

[5]    *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

[6]    *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

[7]    The Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) arguably casts in doubt the continued viability of some of the categories set forth in *Colon*. *See Sash v. United States*, ___ F. Supp. 2d ___, No. 08-CV-116580, 2009 U.S. Dist. LEXIS 116580, at *32-39, 2009 WL 4824669, at*10-11 (S.D.N.Y. Dec. 15, 2009).  Here, the Court will assume *arguendo* that all of the *Colon* categories apply.

8

it "seems obvious from the continuing bad behavior of [D]efendant Hand that the Town of Virgil ...

has done a horrible job of policing its employee . . . Had some earlier steps been taken to train,

supervise, and discipline [D]efendant Hand, this whole situation would most likely have been

avoided." (Compl. at 7.)

It is well established that "[a] municipality may not be held liable in a § 1983 action for the

conduct of a lower-echelon employee solely on the basis of *respondeat superior*."[8] "Rather, to

establish municipal liability under § 1983 for unconstitutional acts by a municipality's employees, a

plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal

custom or policy."[9] "Thus, to hold a [municipality] liable under § 1983 for the unconstitutional

actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or

custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."[10]

---

[8]      *Powell v. Bucci*, 04-CV-1192, 2005 WL 3244193, at *5 (N.D.N.Y. Nov. 30, 2005) (McAvoy, J.); *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) ("[A] [municipality] may not be held for the actions of its employees or agents under a theory of *respondeat superior*.").

[9]      *Powell*, 2005 WL 3244193, at *5; *Monell*, 436 U.S. at 690-691 ("[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."); *Batista*, 702 F.2d at 397 ("[M]unicipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision."); *Smith v. City of New York*, 290 F. Supp.2d 317, 321 (S.D.N.Y. 2003) ("In order to establish the liability of [municipal] defendants in an action under § 1983 for unconstitutional acts by [its] employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal custom or policy.").

[10]     *Batista*, 702 F.2d at 397, *accord*, *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995), *McKeon v. Daley*, 101 F. Supp.2d 79, 92 (N.D.N.Y. 2000) (Hurd, J.), *Merriman v. Town of Colonie, NY*, 934 F. Supp. 501, 508 (N.D.N.Y. 1996) (Homer, M.J.); *Douglas v. County of Tompkins*, 90-CV-0841, 1995 WL 105993, at *12 (N.D.N.Y. March 2, 1995) (McCurn, J.), *Keyes v. County of Albany*, 594 F. Supp. 1147, 1156 (N.D.N.Y. 1984) (Miner, J.).

9

Here, Plaintiff has not alleged the existence of an official policy or custom and, as discussed above, had not alleged that he was denied a constitutional right.  Therefore, I recommend that the Court *sua sponte* dismiss Plaintiff's claims against the Town of Virgil with leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is **GRANTED**;[11] and it is further

**RECOMMENDED** that (1) Plaintiff's First Amendment claim against Defendant Hand be dismissed with leave to amend; (2) Plaintiff's malicious prosecution claims against Defendants Nicoletta, Trickey, and Roberts be dismissed without leave to amend; (3) Plaintiff's Sixth Amendment claims against Defendants Nicoletta, Trickey, and Roberts be dismissed with leave to amend; (4) Plaintiff's claim against Defendant Corbitt be dismissed with leave to amend; and (5) Plaintiff's claim against the Town of Virgil be dismissed with leave to amend; and it is further

**RECOMMENDED** that the Clerk issue summonses and forward them, along with copies of the complaint, this Report-Recommendation and any order adopting it, and packets containing General Order 25to the United States Marshal for service upon Defendants Amanda Nicoletta, Diane Trickey, and Raymond T. Roberts;  and it is further

**RECOMMENDED** that a formal response to Plaintiff's Fourth Amendment claim be filed by Defendants Nicoletta, Trickey, Roberts, or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on those Defendants; and it is further

---

[11]     Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED** that the Clerk be directed to schedule a Rule 16 conference before the undersigned; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy  was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: April 6, 2010
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

11