UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM M. ALLEN, JR.,

                              Plaintiff,

                                                          5:09-CV-1388
v.                                                        (GTS/GHL)

BONNIE P. HAND; TOWN OF VIRGIL;
AMANDA NICOLETTA; DIANE TRICKEY;
RAYMOND T. ROBERTS; and
HARRY J. CORBITT,

                              Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

WILLIAM M. ALLEN, JR.
  Plaintiff, *Pro Se*
2006 Cardner Road
New Woodstock, New York 13122

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this *pro se* civil rights action filed by William M. Allen, Jr.

("Plaintiff"), are Plaintiff's Objections to the Report-Recommendation of United States

Magistrate Judge George H. Lowe recommending that (a) Plaintiff's false arrest claim against

Defendants Nicoletta, Trickey, and Roberts survive the Court's *sua sponte* review for failure to

state a claim upon which relief can be granted, (b) Plaintiff's malicious prosecution claim against

Defendants Nicoletta, Trickey and Roberts be dismissed for failure to state a claim, and (c) the

remainder of Plaintiff's claims be conditionally dismissed.  (Dkt. Nos. 4, 6.)  For the reasons set

forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's false

arrest claim against Defendants Nicoletta, Trickey, and Roberts survives *sua sponte* review;

Plaintiff's malicious prosecution claim against Defendants Nicoletta, Trickey, and Roberts is

dismissed; and the remaining claims in the Complaint shall be dismissed, unless, within thirty

(30) days of the filing date of this Decision and Order, Plaintiff files an Amended Complaint that

states a claim upon which relief can be granted.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff filed his Complaint on December 14, 2009.  (Dkt. No. 1.)  Construed with the

utmost of liberality, Plaintiff's Complaint asserts the following claims against the following

individuals based on their treatment of him during his review of public records at the Town of

Virgil office on December 15, 2006:

(1) the violation of his right to free speech under the First Amendment by Defendant

Hand when he verbally abused Plaintiff and interfered with his right to review public records;

(2) the violation of his right to be free from false arrest under the Fourth Amendment by

Defendants Nicoletta and Trickey when they refused to allow Plaintiff to leave the Town of

Virgil conference room and arrested him;

(3) the violation of his right to be free from false arrest under the Fourth Amendment by

Defendant Robert when he charged Plaintiff with felony robbery without a warrant, continued to

hold him at the office in Homer, and transported him to Homer Town Court;

(4) the violation of his right to be free from unlawful and malicious prosecution under the

Fifth Amendment by Defendants Nicoletta, Trickey, and Roberts when they arrested Plaintiff

and subsequently charged him with a more serious offense after he refused to answer their

questions; and

(5) the violation of his right to contact an attorney under the Sixth Amendment by

Defendants Nicoletta, Trickey, and Roberts when they refused Plaintiff's his repeated requests to be allowed to contact an attorney.  (*Id*.)

Plaintiff's Complaint also asserts a claim against the Superintendent of New York State Police, Harry J. Corbitt, for failing to train and supervise his employees, as well as a claim against the Town of Virgil for supervisory liability under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), based on a failure to properly train and supervise its staff.  (*Id*.)

For a more detailed recitation of the factual allegations supporting these claims in Plaintiff's Complaint, the Court refers the reader to Plaintiff's Complaint in its entirety, and to Magistrate Judge Lowe's Report-Recommendation.  (Dkt. Nos. 1, 4.)

### B.    Magistrate Judge Lowe's Report-Recommendation

On March 4, 2010, Magistrate Judge Lowe issued a Report-Recommendation in which he (1) granted Plaintiff's request to proceed *in forma pauperis*, (2) recommended that Plaintiff's false arrest claim survive the Court's *sua sponte* review, (3) recommended that Plaintiff's malicious prosecution claim be dismissed with prejudice, and (4) recommended that Plaintiff be afforded leave to amend his Complaint with regard to the remaining claims before those claims are dismissed.  (Dkt. No. 4.)

### C.    Plaintiff's Objections

On May 21, 2010, after being granted an extension of time by the Court, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 6.)  In his Objections, Plaintiff argues, *inter alia*, as follows: (1) he has been chilled in his efforts to question the activities of the Town of Virgil; (2) he intended to (and did properly) assert a claim that he was denied his constitutional right to remain silent; (3) his malicious prosecution claim should not be dismissed because he was detained, he has and continues to be required to appear at Court, and the criminal

3

charges against him have not been resolved or otherwise terminated; (4) he was constitutionally

entitled to contact an attorney before being questioned by Defendants Nicoletta, Trickey, and

Roberts; (5) Defendant Corbitt has been grossly negligent in supervising Defendants Nicoletta

and Trickey as evidenced by the fact that they arrested him without a warrant and without

witnessing any unlawful activity; and (6) Defendant Hand is not a "lower echelon" employee at

the Town of Virgil, but an employee who sets the customs and policies at the Town's offices.

(*Id*.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing the Review of a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

When only general objections are made to a magistrate judge's report-recommendation, the Court

reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*,

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C.
§ 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law
and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge
in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir.
1994) ("In objecting to a magistrate's report before the district court, a party has no right to
present further testimony when it offers no justification for not offering the testimony at the
hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World
Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate").

*aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no

objection to a portion of a report-recommendation, the Court reviews that portion for clear error

or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y.

July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.     Legal Standard Governing the Review of Plaintiff's Complaint Pursuant to
> 28 U.S.C. § 1915(e)**

Because Plaintiff has filed a motion to proceed *in forma pauperis*, it is appropriate for the

Court to review the sufficiency of the allegations that he has set forth in his complaint in light of

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  This is because Section 1915(e)(2)(B)

directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss

the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Similarly,

Section 1915A(b) directs that a court must review any "complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the

complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief

---

[2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."
28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that
both Sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

As for the legal standard applied during such a review, it has long been understood that a
dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), may be based on either
or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P.
8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*,
549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-
Recommendation on *de novo* review) [citations omitted].

With regard to the first such ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading
contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2) [emphasis added].  By requiring this "showing," Fed. R. Civ. P. 8(a)(2)
requires that the pleading contain a short and plain statement that "give[s] the defendant *fair
notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F.
Supp.2d at 212, n.17 [citations omitted].  The main purpose of this rule is to "facilitate a proper
decision on the merits." *Id*. at 212, n.18 [citations omitted].[3]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ.
P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established
pleading requirements that exceed this liberal requirement.  *Id*. at 212, n.20 [citations omitted].

---

[3]     *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that
which will enable the adverse party to answer and prepare for trial, allow the application of res
judicata, and identify the nature of the case so it may be assigned the proper form of trial.")
[citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle
function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim
asserted so as to enable him to answer and prepare for trial.") [citations omitted].

However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id*. at 213, n.22 [citations omitted]; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. [citations omitted].[4]

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including

---

[4]      "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., but "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[5]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[6]

_____

[5]      *See, e.g., Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[6]      For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care.  *Erickson*, 127 S. Ct. at 2199-2200.  Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication (a requirement that had been imposed by the district court).  This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief.  Prior to

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[7] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[8] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[9] Stated more plainly, when a plaintiff is

---

the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

[7]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[8]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord, Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord, Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995).

[9]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F.

Supp.2d at 214, n.28 [citations omitted].

## III.   ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's

thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the

Report-Recommendation.[10]  Magistrate Judge Lowe employed the proper standards governing

Plaintiff's claims, accurately recited the facts giving rise to those claims, and reasonably applied

the law to those facts.  As a result, Magistrate Judge Lowe's Report-Recommendation is

accepted and adopted in its entirety.  The Court would add only two points.

First, until Plaintiff is able to allege facts plausibly suggesting that he has been actually

arraigned on charges related to the events of December 15, 2006, Plaintiff cannot make out a

claim for malicious prosecution.  *See Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir. 1990) (noting

that a claim of false arrest "cover[s] the time of detention up until issuance of process or

arraignment," and that "[f]rom that point on, any damages recoverable must be based on a

malicious prosecution claim"); *Grant v. City of New York*, 500 F. Supp.2d 211, 216 (S.D.N.Y.

2007) (finding that, because "[t]here is no dispute that [plaintiff] was never arraigned before a

judge or prosecuted in any way[,] . . . plaintiff's claim for malicious prosecution is baseless").

_____

F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[10]     The Court finds the vast majority of Plaintiff's Objections to be only general in nature.  In any event, the Court notes that Magistrate Judge Lowe's entire Report-Recommendation would survive even a *de novo* review.

Second, in his Objections to Magistrate Judge Lowe's Report-Recommendation, Plaintiff asserts certain factual allegations not asserted in his Complaint.[11]  Under the circumstances, the Court declines to exercise its discretion to construe Plaintiff's Complaint as effectively amended by those late-blossoming allegations.  Setting aside the fact that Plaintiff has not explained why he failed to assert these factual allegations in his original Complaint, the Court finds that such a construction of Plaintiff's original Complaint would constitute an inefficient use of judicial resources, and would frustrate the purpose of the Magistrates Act, because Magistrate Judge Lowe did not have the benefit of those factual allegations when he prepared his thorough Report-Recommendation.  Moreover, such a construction would result in piecemeal pleading.  The fairer and more efficient solution would be, and is, for Plaintiff to simply file an Amended Complaint, asserting all of the factual allegations supporting his claims together.[12]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Fourth Amendment false arrest claim **SURVIVE** the Court's *sua sponte* review of the Complaint pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that Plaintiff's Fifth Amendment malicious prosecution claim against Defendants Nicoletta, Trickey, and Roberts is **DISMISSED**; and it is further

---

[11]     For example, Plaintiff alleges in his Objections that he was actually chilled by Defendant Hand's conduct in that, after his arrest on December 15, 2006, he has been advised by his attorney to stay away from the Town Office (presumably as a result of Defendant Hand calling the police on December 15, 2006), which has resulted in Plaintiff's inability to review public records.  (Dkt. No. 6, at 1.)

[12]     The Court expresses no opinion on whether the factual allegations set forth in Plaintiff's Objections, including his allegation that he has been actually chilled subsequent to his arrest, plausibly suggest one or more claims upon which relief may be granted.

ORDERED that the remaining claims asserted in Plaintiff's Complaint (i.e., Plaintiff's First Amendment claim, Plaintiff's Sixth Amendment claim, Plaintiff's supervisory liability claim, and Plaintiff's municipal liability claim) shall be *sua sponte* **DISMISSED** against Defendants Town of Virgil, Hand and Corbett in their entirety, without prejudice, and without further Order of this Court, unless, within **THIRTY (30) DAYS** of the filing of this Decision and Order, Plaintiff files an Amended Complaint that states a claim upon which relief may be granted;[13] and it is further

ORDERED that, upon Plaintiff's full compliance with this Decision and Order, the Clerk of the Court shall return the file to the Magistrate Judge for further review; and it is further

ORDERED that the Clerk issue summonses and forward them, along with copies of the Complaint, this Decision and Order, Magistrate Judge Lowe's Report-Recommendation, and packets containing General Order 25 to the United States Marshal for service upon Defendants Amanda Nicoletta, Diane Trickey, and Raymond T. Roberts; and it is further

ORDERED that a formal response to Plaintiff's Fourth Amendment claim be filed by Defendants Nicoletta, Trickey, Roberts, or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on those Defendants; and it is further

ORDERED that the Clerk schedule a Rule 16 conference before Magistrate Judge Lowe.

Dated: July 2, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[13]     In the event that Plaintiff elects to file an Amended Complaint, Plaintiff is advised that he is required to re-plead his claim of false arrest, even though the Court has found that Plaintiff has alleged facts plausibly suggesting a claim of false arrest, because an Amended Complaint supercedes an original Complaint in all respects, and may not incorporate by reference any portion of the original Complaint. *See* N.D.N.Y. L.R. 7.1(a)(4). The Court notes that, on December 14, 2009, Plaintiff was sent a copy of the District's *Pro Se* Handbook and Local Rules of Practice. (Dkt. No. 3.)