UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM M. ALLEN, JR.,

                Plaintiff,

v.                                              5:09-CV-1388
                                                     (GTS/GHL)

AMANDA NICOLETTA, New York State Trooper;
DIANE TRICKEY, New York State Trooper; and
RAYMOND T. ROBERTS, New York State Police
Investigator,

                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

WILLIAM M. ALLEN, JR.
  Plaintiff, *Pro Se*
2006 Cardner Road
New Woodstock, New York 13122

HON. ERIC T. SCHNEIDERMAN               DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this civil rights action filed *pro se* by William M. Allen, Jr. ("Plaintiff") against the three above-captioned state employees ("Defendants") pursuant to 42 U.S.C. § 1983 arising from his arrest for disorderly conduct, is Defendants' motion for summary judgment requesting the dismissal of Plaintiff's Complaint because (1) based on the current record, no rational fact finder could conclude that Plaintiff's arrest lacked probable cause, and (2) in any event, to the extent that Plaintiff's claims are against Defendants in their official capacity, these claims are barred by the Eleventh Amendment.  (Dkt. No. 37.)

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial burden, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(c),(e); N.D.N.Y. 7.1(a)(3).

Implied in this burden-shifting standard is the fact that, where a nonmoving party fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.  *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).  This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he has received notice of the consequences of failing to properly respond to the motion for summary judgment.  *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.  *Id.* at 426-27 & n.4 (citing cases).  For this reason, this Court has often enforced Local Rule 7.1 against nonmoving parties on summary judgment motions–even where the nonmoving party was proceeding *pro se* in a civil rights case. *Id.* at 427 & n.6 (citing cases).

Among other things, Local Rule 7.1 requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3). If the nonmoving party fails to do so, he is deemed to have admitted any properly supported facts set forth in the moving party's Statement of Material Facts. *Id.*

In addition, Local Rule 7.1 requires that the nonmoving party file an opposition memorandum of law. N.D.N.Y. 7.1(b)(1). If the nonmoving party fails to do so, he is deemed to have consented to the motion; and the movant's burden on his motion is lightened such that, in order to succeed, he need only show that his motion possesses facial merit, which has appropriately been characterized as a "modest" burden. N.D.N.Y. 7.1(b)(3).[1]

Here, Plaintiff has filed no response to Defendants' motion, despite having been granted a seven-week extension of time in which to do so. (*See generally* Docket Sheet.) Plaintiff was specifically and repeatedly notified of the consequences of failing to oppose Defendants' motion. (*See, e.g.,* Dkt. No. 37, at 1-2 [Defs.' Notice of Motion, advising Plaintiff of consequences]; Dkt.

---

[1] *See, e.g., Cossey v. David,* 04-CV-1501, 2007 WL 3171819, at *4 & nn. 21, 22 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J. adopted by Scullin, J.) ("[A]s a practical matter, the burden requires only that the Defendants present an argument that is 'facially meritorious.'") (collecting cases); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (citing cases that stand for the proposition that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy their "modest threshold burden" of demonstrating entitlement to the relief requested in their motion for summary judgment); *Niles v. Nelson*, 72 F. Supp.2d 13 (N.D.N.Y. 1999) (McAvoy, J.) (holding that when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *cf. Di Giovanna v. Beth Isr. Med. Ctr*., 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

3

No. 37, Attach. 1 [District's Form Notification of Consequences of Failing to Response to a Summary Judgment Motion]; Dkt. No. 3 [Plf.'s Acknowledgment of Receipt of copy of Local Rule of Practice 7.1(a)(3) and page 42 of District's *Pro Se* Handbook, both of which advise non-movants of consequences of failing to oppose a motion for summary judgment].)

As a result, the Court may, and does, deem as admitted all the facts set forth in Defendants' Statement of Material Facts–each of which is properly supported by accurate record citations. (Dkt. No. 37, Attach. 5.) In addition, the Court may, and does, deem Plaintiff to have consented to Defendants' motion, lightening Defendants' burden to a showing of facial merit.

After carefully considering Defendants' probable-cause argument in light of the undisputed material facts presented on their motion, the Court finds that the argument possesses facial merit, at the very least. (Dkt. No. 37, Attach. 6, at 5-7 [attaching pages "3" through "5" of Defs.' Memo. of Law].) In addition, the Court finds that Defendants' alternative argument, which is based on Eleventh Amendment immunity, also possesses facial merit, at the very least. (*Id*. at [attaching page "5" of Defs.' Memo. of Law].) For these reasons, the Court grants Defendants' summary judgment motion.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 37) is **GRANTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

The Clerk of the Court is directed to enter Judgment for Defendants and close this action.

Dated: February 6, 2013
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

4